# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3377

_____

United States of America,      *
                                      *

          Appellee,          *

                                      *    Appeal from the United States

      v.                                   *    District Court for the Eastern

                                      *    District of Arkansas.

Darrell Coleman,                 *

                                      *         [PUBLISHED]

          Appellant.        *

_____

Submitted: March 14, 2005
Filed: April 25, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit
Judges.

_____

PER CURIAM.

Darrell Coleman appeals the revocation by the district court[1] of his term of supervised release and the sentence of nine months that the court imposed upon him for violating the conditions of his release. We affirm.

Mr. Coleman challenges the district court's order only on constitutional grounds, arguing that the logic of *Blakely v. Washington*, 124 S. Ct. 2531 (2004),

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

renders the United States Sentencing Guidelines unconstitutional as well as his nine-month sentence. Although the Supreme Court did hold the Sentencing Reform Act unconstitutional after the appellant filed his brief, *United States v. Booker*, 125 S. Ct. 738, 758, 764-65 (2005), the Court did not discard the guidelines wholesale. Instead, it excised from the Sentencing Reform Act only those provisions that made application of the sentencing guidelines mandatory and thus were contrary to the sixth amendment. *Id.* at 764. Among the remaining provisions of the Sentencing Reform Act that the Court recognized as constitutionally valid was the supervised release statute, 18 U.S.C. § 3583. *Id.*

Indeed, the advisory sentencing guidelines scheme that *Booker* creates, *id.* at 750, 764-66, is precisely what prevailed before *Booker* with respect to fixing penalties for violating the kind of release conditions that Mr. Coleman violated by not obtaining employment. In such circumstances, § 3583 leaves to the discretion of the district judge the decision to revoke a term of supervised release and impose imprisonment, provided the judge takes into account the relevant considerations set out in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e)(3); *see also* U.S.S.G. ch. 7, pt. A(1), A(2)(b), A(3)(a). Therefore Mr. Coleman's constitutional challenge fails.

Affirmed.

_____